# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACLYN VEHLEWALD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBT RECOVERY SOLUTIONS, LLC )<br>)<br>Defendant. ) | 10-2587 EFM/DJW |

## COMPLAINT

NOW COMES the Plaintiff, JACLYN VEHLEWALD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, DEBT RECOVERY SOLUTIONS, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.     JACLYN VEHLEWALD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Easton, County of Leavenworth, State of Kansas.

5.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Sprint.

1

6. The debt that Plaintiff allegedly owed Sprint was for Plaintiff's residential telephone bill.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DEBT RECOVERY SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is registered as a limited liability company in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. On or about August 24, 2010, Defendant initiated a telephone call to Plaintiff's residential telephone number in an attempt to collect a debt allegedly owed by Plaintiff to Sprint.

15. Shortly thereafter, in August 2010, Plaintiff initiated a telephone call to Plaintiff's place of employment in a further attempt to collect a debt allegedly owed by Plaintiff.

16. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

17. Plaintiff further requested that if in the future Defendant had to contact Plaintiff that Defendant contact her at her residential telephone number, which Defendant had on file for Plaintiff.

18. In August 2010 and in September 2010, despite having been previously advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at her place of employment.

19. In or around September 2010, Defendant initiated a telephone call to Plaintiff's place of employment and engaged in a telephone conversation with Plaintiff's co-worker.

20. Defendant informed Plaintiff's co-worker that it was contacting Plaintiff to collect a debt from her.

21. Plaintiff did not consent to Defendant contacting third-parties.

22. On or about September 10, 2010, Defendant initiated a telephone call to Plaintiff's place of employment and engaged in a telephone conversation with Plaintiff's boss.

23. Defendant informed Plaintiff's boss that it was calling regarding an emergency and that it had to speak to Plaintiff immediately.

24. Defendant's statement that it had to speak to Plaintiff immediately about an emergency was false, deceptive and/or misleading given that Defendant was attempting to contact Plaintiff in an attempt to collect a debt from Plaintiff.

25. As a result of Defendant's statements, Plaintiff's boss informed Plaintiff that she had a telephone call.

26. Plaintiff then engaged in a telephone call with Defendant.

27. Defendant told Plaintiff that if she did not pay the debt that she owed to Sprint then it would file a lawsuit against her.

28. Defendant further stated that Plaintiff's wages would be garnished if she did not pay the debt.

29. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

30. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

31. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

32. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

33. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

34. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

35. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

36. In its attempts to collect the debt allegedly owed by Plaintiff to Sprint, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

39. The Plaintiff, JACLYN VEHLEWALD, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JACLYN VEHLEWALD, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JACLYN VEHLEWALD**

By:   s/ D. Matthew Durgin
       Attorney for Plaintiff

Dated: October 27, 2010

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8505 W. 90th Terrace, Suite 100
Overland Park, KS 66212
Telephone:   (913) 908-2313
               (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:   mdurgin@smithlaw.us